IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES B. TAFEL, JR.,

   Plaintiff,

    v.

LION ANTIQUE INVESTMENTS &
CONSULTING SERVICES,

   Defendant.

CIVIL ACTION FILE
NO. 1:10-CV-3260-TWT

ORDER

This is an action for declaratory judgment. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 17] and the Plaintiff's Motion for Summary Judgment [Doc. 22]. For the reasons set forth below, the Court DENIES the Defendant's Motion for Summary Judgment [Doc. 17] and GRANTS the Plaintiff's Motion for Summary Judgment [Doc. 22].

I. Background

In December 2007, Tafel Racing Team, Inc. ("Tafel Racing") and Lion Antique Investments & Consulting Services, Inc. ("Lion") entered into an agreement to purchase two Ferrari race cars (the "Race Car Loan Agreement"). Pursuant to the Race Car Loan Agreement, Lion agreed to loan the race cars to Tafel Racing for use

in the 2008 American Le Mans Series. Tafel Racing was obligated to purchase or sell the race cars ninety days after the conclusion the 2008 American Le Mans Series. The Plaintiff, James Tafel, Jr., is the former CEO of Tafel Racing. On January 22, 2008, East Coast Jewelry ("East Coast") agreed to purchase one of the Ferrari race cars for $700,000 (the "Purchase Agreement"). Vladislav Yampolsky is a partial owner of East Coast. Although East Coast paid Tafel Racing $700,000 under the Purchase Agreement, Tafel Racing did not deliver the race car or refund East Coast's money.

On January 26, 2009, Tafel Racing filed a Voluntary Petition for Chapter 7 Bankruptcy. On Schedule F of this Petition, Tafel Racing listed Yampolsky as one of Tafel Racing's creditors holding unsecured nonpriority claims in the amount of $600,000. (See Tafel Dep., Exs. 39 & 40.) On Schedule H of the Petition, Tafel Racing identified Tafel as a codebtor for each of Tafel Racing's creditors. (See id.) The schedules identified Tafel Racing's debts as of January 26, 2009, the date the Chapter 7 Petition was filed. (See id.)

On February 13, 2009, at Yampolsky's request, Tafel executed a non-negotiable promissory note in the principal amount of $600,000, plus $22,454.14 in interest, payable to Yampolsky (the "Note"). (See Compl., Ex. A.) Tafel also executed a Deed to Secure Debt granting Yampolsky a security interest in Tafel's residence at 1215 Troon Court, Alpharetta, Georgia, 30005. (Id., Ex. B.) The Note states that it was

"executed and delivered . . . in consideration of advances by Yampolsky to Tafel." (Id., Ex. A.) Tafel, however, made no payments on the Note. The Note matured on November 13, 2009. On May 26, 2010, Yampolsky assigned his rights and interest in the Note to Lion.

On October 8, 2010, Tafel filed this Complaint against Lion seeking a declaration that the Note is invalid and unenforceable [Doc. 1]. Lion counterclaimed for breach of contract, seeking to enforce the Note. Both the Plaintiff and Defendant have filed Motions for Summary Judgment [Docs. 17 & 22]. The Plaintiff argues that the Note is unenforceable for lack of consideration. The Defendant contends that Tafel's preexisting debt and Yampolsky's forbearance of claims against Tafel and Tafel Racing establish consideration for the Note.[1]

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59

---

[1] Originally, the Defendant contended that the Note was valid as satisfaction of a debt owed by Tafel Racing to East Coast. The Defendant, however, has abandoned that argument. (See Def.'s Reply in Supp. of Def.'s Mot. for Summ. J., at 2-3.)

(1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III. Discussion

The Plaintiff argues that the Note is not supported by consideration.  "To constitute consideration, a performance or a return promise must be bargained for by the parties to a contract." O.C.G.A. § 13-3-42.  "A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise."  Id.  "It is axiomatic that a contract without consideration is invalid."  Thomas Mote Trucking, Inc. v. PCL Constructors, Inc., 246 Ga. App. 306, 310 (2000).  "Furthermore, the consideration must be stated in the contract or at least be ascertainable from the contract."  Robles v. Humana Hosp. Cartersville, 785 F. Supp. 989, 1001 (N.D. Ga. 1992).

First, the Defendant claims that the recital of consideration in the Note establishes valid consideration.  In Driggers v. Campbell, 247 Ga. App. 300 (2000), the plaintiff builder sued for breach of a construction contract.  The defendant signed the contract after the builder had completed all the work.  The court held that the

contract was supported only by past consideration and thus unenforceable. The court reasoned that because the work had been completed before the contract was signed, the builder's performance could not have been bargained for.

Similarly, in Whitmire v. Watkins, 245 Ga. 713 (1980), the plaintiff sued on a contract to devise a plot of land. The plaintiff, however, had already completed the services that he claimed had constituted consideration for the contract. The court held "that the undisputed evidence demands the finding that the only consideration for the 1944 promise to devise land was past consideration which does not suffice to convert a promise into a contract." Id.

Here, the Note states that it was given "in consideration of advances by Yampolsky to Tafel, net of certain credits." (Compl., Ex. A.) As in Driggers and Whitmire, Yampolsky had already advanced the sums that he claims constitute consideration for the Note. Thus, as in Driggers, these advances were past consideration not "bargained for" at the time Tafel executed the Note. See O.C.G.A. § 13-3-42(a); Whitmire, 245 Ga. at 713 ("The general rule is that a past consideration will not support a subsequent promise.").

The Defendant, however, relies on Berkman v. Commercial Bank, Douglasville, 171 Ga. App. 890 (1984). In Berkman, a bank filed suit on a note. The defendant claimed that the note was invalid for lack of consideration. The court held that the

note was enforceable, noting that it "recite[d] that it was given in consideration of loans previously made *and for any loans to be made in the future*." Id. at 341 (emphasis added). The court reasoned that "[i]f the contract expressly guarantees past and future advances, in consideration of future advances to be made, it is sufficient as to the whole." Id. (quoting Ellis v. Chem-Tech Finishers, 140 Ga. App. 180, 181 (1976)). Unlike Berkman, the Note was not "made in consideration of future advances to be made." Id. Indeed, Lion does not allege that Yampolsky or East Coast made any promise to extend loans in the future. Thus, even if a recital of consideration were sufficient,[2] the Note recites only past consideration that cannot support a contract.

Next, the Defendant contends that in exchange for the Note, Yampolsky agreed to release his potential fraud and contract claims against Tafel. "Forbearance to prosecute a legal claim ... [is] sufficient [consideration] to support a contract." Berkman, 171 Ga. App. at 891 (quoting Austell v. Rice, 5 Ga. 472 (1848)). In Drake v. Wallace, 259 Ga. App. 111 (2003), the plaintiff sued on a promissory note. The note stated that "for value received, the undersigned Maker promises to pay . . . $50,000.00." Id. The plaintiff had previously sued the defendant on a separate debt,

---

[2]The Plaintiff claims that Yampolsky paid Tafel Racing, not Tafel, for the Ferrari. For purposes of this motion, however, the Court need not decide whether Tafel is liable under the Purchase Agreement.

but had dismissed the claim after the defendant signed the note. The plaintiff argued that his release of the prior claim established consideration for the note. The Georgia Court of Appeals, however, held that the note was unenforceable for lack of consideration. The court reasoned that "the note [did ] not refer to the dismissal of [the plaintiff's prior] action as consideration, and there [was] no written settlement agreement in the record to memorialize the terms of the parties' agreement." Id. at 112.

Here, as in Drake, the Note does not state that Yampolsky has forfeited his right to sue Tafel for fraud or breach of contract.[3] Indeed, the Note does not mention any potential claims held by either East Coast or Yampolsky. See id. (finding no consideration for note where "the note [did] not refer to the dismissal of [the plaintiff's prior] action as consideration."); Robles, 785 F. Supp. at 1001 ("[C]onsideration must be stated in the contract or at least be ascertainable from the contract."). Further, there is no release "agreement in the record to memorialize the terms of the parties' agreement." Drake, 259 Ga. App. at 112. In any event, as a party to the Purchase Agreement, potential contract claims against Tafel or Tafel Racing

---

[3]Again, the Plaintiff argues that Tafel is liable under the Purchase Agreement. For the purposes of this motion, however, the Court need not decide this issue.

belong to East Coast. There is no evidence that East Coast assigned any such claims to Yampolsky.[4]

Nevertheless, the Defendant argues that the Note obligated Tafel to return the money he had received under the Purchase Agreement. Although the Purchase Agreement and Note were for similar amounts,[5] there is no indication that Yampolsky agreed to forbear any claims against Tafel. See id. (finding release of prior claim was not consideration where plaintiff dismissed preexisting claim but promissory note did not mention prior claim and no settlement agreement existed.) The *only* consideration mentioned in the Note are the past "advances by Yampolsky to Tafel." (Compl., Ex. A.) Thus, forbearance cannot establish consideration for the Note. For these reasons, the Note is unenforceable for lack of consideration.

## IV. Conclusion

For the reasons set forth above, the Court DENIES the Defendant's Motion for Summary Judgment [Doc. 17] and GRANTS the Plaintiff's Motion for Summary Judgment [Doc. 22].

---

[4] Yampolsky is only a partial owner of East Coast.

[5] The Purchase Agreement was for $700,000. The Note was for $600,000. Assumedly, the Plaintiff argues that Yampolsky also forfeited his right to recover the remaining $100,000.

SO ORDERED, this 26 day of August, 2011.

                                        /s/Thomas W. Thrash
                                        THOMAS W. THRASH, JR.
                                        United States District Judge